CLARK, J.
This is an appeal from the final order of the Department of Financial Services (“Department”) denying Appellant’s application for reinstatement of his resident all- *477 lines adjuster license. See §§ 626.8548, 626.855, 626.866, Fla. Stat. Because Appellant has failed to establish any of the statutory grounds upon which this court might set aside the final agency action, the final order is affirmed.
Upon the Department’s disciplinary action against Appellant in a separate proceeding, Appellant’s license was suspended by the Department on October 25, 2011. The basis for the suspension was Appellant’s plea of nolo contendere to a felony[1] which the Department determined involved “moral turpitude.” See § 626.611(14), Fla. Stat.
The license was not automatically reinstated upon the expiration of the suspension period. Rather, as required by section 626.641(1), Florida Statutes, Appellant filed his application for reinstatement of his license on January 26, 2012. The Department notified Appellant that his application was denied due to his disqualification for reinstatement under sections 626.207 and 626.621, Florida Statutes (2011). Although he did not contest the material facts, Appellant timely requested a hearing, a hearing was held, and the hearing officer submitted a recommended order to the Department head. The agency’s final order adopted the hearing officer’s recommended order and denied Appellant’s application for reinstatement of his adjuster’s license.
Final agency action must be affirmed by this court unless one of the' statutory grounds for setting aside such action is established by the Appellant. § 120.68(8), Fla. Stat. Because a hearing took place in this case, the facts were not in dispute in the administrative proceedings, and there was no material procedural error or failure to follow procedure, the only statutory grounds upon which the agency final action might be set aside are:
(d) The agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action; or
(e) The agency’s exercise of discretion was:
1. Outside the range of discretion delegated to the agency by law;
2. Inconsistent with agency rule;
3. Inconsistent with. officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
4. Otherwise in violation of a constitutional or statutory provision;
But the court shall not substitute its judgment for that of the agency on an issue of discretion.
§ 120.68(7)(d)-(e), Fla. Stat.
Appellant argues that the Department was bound by its suspension order to reinstate his license after the expiration of the suspension period and upon his application. He further argues that the amendment to section 626.207 requiring the lengthy disqualification period was illegally retroactively applied to his case. Considering the clear provisions of the applicable statutes, both arguments must fail.
The Department correctly applied the law to Appellant’s application for reinstatement. Section 626.641, Florida Statutes provides that an applicant for reinstatement “is subject to denial and subject to a waiting period prior to approval on the same grounds that apply to applications for licensure” pursuant to section 626.207, Florida Statutes, and other statutes. Section 626.207(4)(a), Florida Statutes, disqualifies an applicant who has pleaded nolo contendere to a felony involving moral tur *478 pitude and the disqualification period is 15 years from the date Appellant’s probation was terminated.
The administrative disciplinary proceeding resulting in the suspension of Appellant’s adjuster’s license was a separate proceeding from Appellant’s application for reinstatement, governed by different statutes. The final agency action in that prior matter did not constitute an agreement by the Department to reinstate Appellant’s license upon his application. The Department’s denial of the application was not inconsistent with the previous final order suspending Appellant’s license, and even if it had been inconsistent with that order, the final agency action denying reinstatement was not an erroneous interpretation of any provision of law or an exercise of agency discretion in violation of any agency policy, statute, or constitutional provision. § 120.68(7)(d)-(e), Fla. Stat.
Likewise, the recent amendment to section 626.207 establishing the 15-year disqualification period (Ch. 2011-174, Laws of Fla.) was not retroactively applied to Appellant’s application. Section 18 of Chapter 2011-174, Laws of Florida, provides “the amendments to s. 626.207, Florida Statutes, made by this act do not apply retroactively and apply only to applicants whose applications are pending or submitted on or after the date that the amendments to s. 626.207, Florida Statutes, made by this act, become law.” The amending act became law in July, 2011. Appellant’s application for reinstatement was submitted on January 26, 2012. Because his application was submitted and pending after July of 2011, it was subject to the amendments to section 626.207.
Because Appellant did not establish any of the grounds in section 120.68(7), Florida Statutes, upon which this court could set aside the final agency action, the Department’s final order denying Appellant’s application for reinstatement of his adjuster’s license is affirmed.
PADOVANO, and ROBERTS, JJ., concur.

. The felony was aggravated assault by threat. The charge stemmed from an altercation between Appellant and his (now former) wife and another man.